<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA E. DIAZ,<br><br>                      Plaintiff,<br><br>                v.<br><br>ANDREW P. PRUENAL, *et al.*,<br><br>                      Defendants. | Civil Action No. 21-14266 (KMW) (MJS)<br><br>**OPINION** |

<u>**WILLIAMS**</u>**, District Judge**

This matter comes before the Court by way of Plaintiff Maria Diaz's ("Plaintiff") motion to remand (ECF No. 8) this matter to the Superior Court of New Jersey, Law Division, Camden County. Defendants Andrew Pruenal and Watson Trucking Company ("Defendants") opposed the Motion (ECF No. 14). For the reasons set forth below, Plaintiff's Motion is <u>**GRANTED**</u>.

**I.    BACKGROUND**

This matter is a personal injury lawsuit arising from a car accident in 2019. On June 21, 2021, Plaintiff filed a complaint in New Jersey state court, asserting three counts of negligence, carelessness, and recklessness against each of the named defendants. In the Complaint, Plaintiff asserts that she "sustained diverse personal injuries, both of an internal and external nature and of both a permanent and temporary nature; endured and will endure great pain; has and will be compelled to expend large sums of money for physicians and other medical treatment in an attempt to be cured of said injuries; has and will be prevented from attending to her normal daily activities, work and general affairs; and she has otherwise been damaged." Complaint, ECF No. 1-1.

Moreover, without seeking a specific amount for damages, Plaintiff demands "judgement . . . for such sums as would reasonably and properly compensate her in accordance with the law of the State of New Jersey, together with interest, attorney's fees and costs of suit." *Id.*

On July 28, 2021, Defendants filed a Notice of Removal, removing the case to the New Jersey federal district court based on diversity jurisdiction under 28 U.S.C. § 1332 (a). Notice of Removal, ECF No. 1. The Notice of Removal states that there is diversity among the parties because Plaintiff is a citizen of New Jersey while Defendants are citizens of Pennsylvania.[1] *Id.* at ¶¶ 5-7. Additionally, the Notice of Removal indicates that the amount of controversy satisfies the jurisdictional requirement, citing the specific language describing the injuries and damages sought in Plaintiff's Complaint. *Id.* at ¶¶ 8-9.

On August 9, 2021, Plaintiff filed the Motion to Remand the case to state court, asserting the federal court does not have subject matter jurisdiction over the litigation. Motion, ECF No. 8. Plaintiff claims the Court lacks diversity jurisdiction because complete diversity does not exist and the amount in controversy will not exceed $75,000. With respect to complete diversity, Plaintiff argues that she was in the process of consolidating her action with another action that was filed in New Jersey state court that arose out of the same motor vehicle accident, and that if those matters were consolidated, complete diversity would be destroyed because a party in the related lawsuit is also a citizen of New Jersey. Pltf.'s Br., ECF No. 8-2 at 2-4; Certification in Support of Motion to Remand, ECF No. 8-1 at ¶ 6. Concerning the amount in controversy, Plaintiff claims that the managing adjuster for Defendants' claims administrator "previously alleged to Plaintiff's counsel that the matter was of negligible value as Plaintiff's vehicle only sustained a broken mirror." Pltf.'s

---

[1] Plaintiff's Complaint does not state the citizenship of each of the parties involved in the cause of action; however, Defendants' Notice of Removal sets forth the citizenship of each of the parties, and the parties' citizenship, as laid out in the Notice of Removal, is not in dispute.

Br., ECF No. 8-2 at 1-2; Certification in Support of Motion to Remand, ECF No. 8-1 at ¶ 12. Plaintiff did not provide further information or arguments concerning the amount in controversy for this case.

On September 7, 2021, Defendants filed an opposition to the Motion. Defs.' Br., ECF No. 14. Defendants assert that the Court has jurisdiction emphasizing that diversity existed when the suit was commenced and when the petition for removal was filed. *Id.* at 2-3  Additionally, Defendants argue that, based on the type of injuries alleged within Plaintiff's Complaint, Plaintiff's demands are sufficient to establish that the amount in controversy will exceed the $75,000 jurisdictional requirement. *Id.* at 3-5.

On March 17, 2022, while the Motion was pending before this Court, Defendants submitted a letter advising that the "the lawsuit which arises out of the same facts as the subject litigation . . . filed in the Superior Court of the States of New Jersey, Camden County . . . has settled," thereby mooting a basis for Plaintiff's Motion. Defs.' Letter, ECF No. 19.

## II.     LEGAL STANDARD

The federal removal statute permits a defendant to remove a civil action from state court to federal court when the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was procedurally defective or "subject matter jurisdiction is lacking." 28 U.S.C. § 1447(c); *Costa v. Verizon N.J., Inc.*, 938 F. Supp. 2d 455, 458 (D.N.J. 2013). The removal statutes "'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard. Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

28 U.S.C. § 1332(a)(1) provides that the United States District Court has original subject

3

matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).  An action can be removed on the basis of diversity jurisdiction only "if there is complete diversity between all named plaintiffs and defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). This "complete diversity" requirement prohibits removal if a plaintiff and any defendant are citizens of the same state. *Kaufman v. Allstate N.J. Insur. Co.*, 561 F.3d 144, 148 (3d Cir. 2009).

### III.  DISCUSSION

As noted above, a federal court has diversity jurisdiction when the parties in the case are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. 1332(a).

**A. Citizenship**

First, the Court is satisfied that there is complete diversity amongst the parties because Plaintiff was a citizen of New Jersey, while Defendants were citizens of Pennsylvania both at the time the Complaint was filed and when the Notice of Removal was filed.  *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 198 F. Supp. 3d 385, 386 (D.N.J. 2016) ("[N]o plaintiff can be a citizen of the same state as any of the defendants at the time the complaint was filed and at the time of removal.") (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)).[2]

**B. Amount in Controversy**

Next, for the Court to have diversity jurisdiction, the amount in controversy must also exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Typically, "[i]n removal cases, determining the amount in controversy begins with a reading of the complaint filed in state

---

[2] While in the Motion, the plaintiff claims that there is no complete diversity because she was in the process of consolidating the present case with a related action in state court where such consolidation would destroy complete diversity, no such motion for consolidation was filed and the related state court action has since settled.  Defs.' Letter, ECF No. 19.

court." *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Similarly, when considering a plaintiff's motion to remand, a court will examine the plaintiff's complaint to determine whether the amount in controversy requirement has been satisfied. *Rodriguez v. Burlington Cty. Corr. Dep't*, No. 1:14-CV-04154 NLH-JS, 2015 WL 790521, at *2 (D.N.J. Feb. 25, 2015). When a "plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum. . . . [ ] the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (emphasis in original). Thus, where a complaint is open-ended and does not allege a specified amount, the district court is instructed to perform its own "independent appraisal of the value of the claim." *Angus v. Shiley Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993). When conducting this appraisal, courts should examine the facts and claims alleged within the filings. *See Frederico*, 507 F.3d at 197 (explaining that "to determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court") (citing *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006)). Critically, a "fact-bare" state court complaint with unspecified damages creates speculation, which this district has found insufficient for a defendant to establish amount in controversy for removal. *See Scott v. Wal-Mart Stores Inc.*, No. 13-CV-6220 RMB/AMD, 2013 WL 5774111, at *1 (D.N.J. Oct. 23, 2013).

Here, the Complaint does not allege an amount in controversy whatsoever, and the Court is thus compelled to perform its own independent appraisal of the value of the claims. In conducting its own appraisal, the Court has reviewed the Complaint, the Notice of Removal, the Motion and the related filings. Interestingly, Plaintiff's Motion is supported by a certification wherein Plaintiff's counsel represents that in February 2021, Defendants' claim administrator

5

contacted his office "asserting that this case is of minimal value [and] involves nominal damages and [...] only minimal property damage to Plaintiff Diaz's vehicle." Certification in Support of Motion to Remand, ECF No. 8-1 at ¶ 12. Indeed, Plaintiff relies heavily on Defendants' adjuster's valuation of the claims to support remand. In relying on this valuation, Plaintiff has accepted, and apparently conceded, that Plaintiff's damages are nominal and will not exceed $75,000. Therefore, based on Plaintiff's representations that the amount in controversy will not exceed $75,000, and in accordance with the Third Circuit's instruction that removal statutes "'are to be strictly construed against removal *and all doubts should be resolved in favor of remand*,'" the Court finds that the amount in controversy requirement for diversity jurisdiction has not been met.[3] *See Boyer.*, 913 F.2d at 111 (emphasis added) (quoting *Steel Valley Auth.*, 809 F.2d at 1010).

### IV. CONCLUSION

Without a sufficient amount in controversy, the Court does not have diversity jurisdiction. The Court is also unaware of any other grounds to warrant subject matter jurisdiction in this case. Thus, Plaintiff's Motion to remand is hereby **GRANTED** and this matter will be **REMANDED** to the Superior Court of New Jersey, Law Division, Camden County.

Dated: April 22, 2022                                  s/ Karen M. Williams
                                                       KAREN M. WILLIAMS
                                                       United States District Judge

---

[3] The Court recognizes that, based on Plaintiff's Complaint claiming permanent and serious injuries, significant medical expenses, as well as loss wages, Defendants had a sufficient basis to assert that the amount in controversy appeared to satisfy jurisdictional requirements. While clearly Defendants' claim adjuster's valuation is not evidentiary, Plaintiff's reliance on same to support her Motion to Remand will not be ignored. In fact, it is because of Plaintiff's representations about, and reliance on, Defendants' adjuster's valuation, that the Court's independent appraisal necessitates removal. *See* Pltf.'s Br., ECF No. 8-2 at 1-2; Certification in Support of Motion to Remand, ECF No. 8-1 at ¶ 12.